1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GERALD L. MILLER, JR.,

11              Plaintiff,                    No. CIV S-07-1646 LKK EFB P

12        vs.

13    JANE WOODFORD, et al.,

14              Defendants.              <u>ORDER</u>

15    _____/

16        Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  *See* 42

17    U.S.C. § 1983.  On April 9, 2008, the court dismissed plaintiff's first amended complaint with

18    leave to amend.  On April 28, 2008, plaintiff filed a second amended complaint.

19        The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

20    screening, finds that it states a cognizable claim for the use of excessive force against defendants

21    G. Costra and Huckabee and for deliberate indifference to his serious medical needs against R.

22    V. Cox, L. Dial and James.  *See* 28 U.S.C. § 1915A.

23        For the reasons stated below, the court finds that the complaint does not state a

24    cognizable claim against defendants Sergerstrom, Kathleen J. Adams, R. J. Leo, Michael Roche,

25    Banner Lassen Medical Center, the Director and Chief Medical Officer of Banner Lassen

26    Medical Center, Felker, or Woodford.

                                          1

1    Plaintiff may proceed forthwith to serve other defendants, namely, G. Costra, Huckabee,

2    R. V. Cox, L. Dial and James and pursue his claims against only those defendants.

3    Alternatively, he may delay serving any defendant and attempt, again, to state a cognizable claim

4    against defendants Sergerstrom, Kathleen J. Adams, R. J. Leo, Michael Roche, Banner Lassen

5    Medical Center, the Director and Chief Medical Officer of Banner Lassen Medical Center,

6    Felker, and Woodford.

7    Finally, the court finds that plaintiff's claim against O. Rufion at Kern Valley State

8    prison must be severed from this action.

9    Plaintiff alleges that on February 28, 2006, he underwent surgery at High Desert State

10   Prison ("HDSP").  He alleges that Sergerstrom committed medical malpractice, as evidenced in

11   an April 19, 2006, medical report attached to the complaint.  The court has examined the report,

12   and finds that it does not show how Sergerstrom was involved in plaintiff's medical care.

13   Plaintiff alleges that Kathleen J. Adams was deliberately indifferent to his broken jaw by relying

14   on someone else's x-ray.  He also alleges that R. J. Leo and Michael Roche violated his rights by

15   not adequately responding to plaintiff's administrative appeals about his medical care.  He sues

16   Banner Lassen Medical Center and the Director and Chief Medical Officer thereof for failing

17   adequately to train and supervise employees.  Finally, he alleges that High Desert State Prison

18   Warden Felker and California Department of Corrections and Rehabilitation Director Woodford

19   both knew of the medical treatment plaintiff received but failed to intervene on plaintiff's behalf.

20   Section 1983 creates a cause of action against any person who, under color of state law, deprives

21   a citizen or person within the jurisdiction of the United Sates of a constitutional right.  42 U.S.C.

22   § 1983.  The court notes that Banner Lassen Medical Center is not a person and cannot be sued

23   under § 1983.  It appears that plaintiff's other claims all are related to the care provided

24   following surgery.  To state a claim defendants provided constitutionally inadequate medical

25   care, plaintiff must allege acts or omissions evidencing identified defendants knew of and

26   disregarded plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976);

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Neither defendants' negligence nor plaintiff's

general disagreement with the treatment he received suffices to state a claim.  *Estelle*, 429 U.S.

at 106; *Hutchinson v. United States*,  838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90

F.3d 330, 331 (9th Cir. 1996).  A supervisor is liable for constitutional violations of his

subordinates if he participated in or directed the violations, or knew of the violations and failed

to act to prevent them, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), or if he implemented

a policy so deficient that the policy itself is a repudiation of constitutional rights and is the

moving force of the constitutional violation.  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989).

Plaintiff's allegations do not state a claim under these theories.

Turning to the claims against O. Rufion, the court finds that this defendant was

misjoined.  Plaintiff alleges that on October 17, 2007, while plaintiff was housed at Kern Valley

State Prison ("KVSP") defendant Rufion was deliberately indifferent to plaintiff's thumb injury.

The Federal Rules of Civil Procedure govern joinder:

(2) Defendants.  Persons . . . may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the
alternative with respect to or arising out of the same transaction, occurrence, or
series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action..

Fed. R. Civ. P. 20(A)(2).  The purpose of this rule is "to promote judicial economy, and reduce

inconvenience, delay and added expense."  *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir.

1997).  This purpose is not served if a plaintiff's claims against different defendants "raise[]

potentially different issues, and must be viewed in a separate and individual light by the Court."

*Id.*, at 1351.  Here, plaintiff seeks to proceed on a claim of deliberate indifference to his serious

medical needs against defendant O. Rufion and three of the HDSP defendants.  The underlying

facts occurred at different prisons and temporally are separated by more than one and one-half

years.  Plaintiff's claim that O. Rufion at KVSP knew that plaintiff required particular care for a

thumb injury yet failed to provide it is entirely distinct from his allegations that the defendants at

3

1   HDSP provided inadequate care following surgery and an attack by a prison guard over a year

2   earlier.  Therefore, the defendants have been misjoined.  The remedy for misjoinder is severance,

3   as long as it would not prejudice a substantial right. Fed. R. Civ P. 21; *Coughlin*, 130 F.3d at

4   1351.  Moreover, the events giving rise to plaintiff's claims against O. Rufion arose in Kern

5   County, and the action against this defendant should have been commenced in the Fresno

6   Division of this Court.  *See* Local Rule 3-120(d).  In the interest of justice, the court finds that

7   the severed claim must be filed in the Fresno Division of this Court.  *See* Local Rule 3-120(f).

8         If plaintiff elects to attempt to amend his complaint to state a cognizable claim against

9   defendants Sergerstrom, Kathleen J. Adams, R. J. Leo, Michael Roche, Banner Lassen Medical

10  Center, the Director and Chief Medical Officer of Banner Lassen Medical Center, Felker, and

11  Woodford he has 30 days so to do.  He is not obligated to amend his complaint.

12        If plaintiff elects to proceed forthwith against defendants G. Costra, Huckabee, R. V.

13  Cox, L. Dial and James, against whom he has stated a cognizable claim for relief, then within 20

14  days he must return materials for service of process enclosed herewith.  In this event the court

15  will construe plaintiff's election as consent to dismissal of all claims against defendants

16  Sergerstrom, Kathleen J. Adams, R. J. Leo, Michael Roche, Banner Lassen Medical Center, the

17  Director and Chief Medical Officer of Banner Lassen Medical Center, Felker, and Woodford

18  without prejudice.

19        Any amended complaint must show the federal court has jurisdiction, the action is

20  brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It

21  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

22  who personally participated in a substantial way in depriving plaintiff of a federal constitutional

23  right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

24  deprivation of a constitutional right if he does an act, participates in another's act or omits to

25  perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff

26  contends he was the victim of a conspiracy, he must identify the participants and allege their

4

agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be

1 construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff

2 violates the federal rules, once explained, or the court's plain orders.

3       An amended complaint must be complete in itself without reference to any prior

4 pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff

5 files an amended complaint, the original pleading is superseded.

6       By signing a third amended complaint plaintiff certifies he has made reasonable inquiry

7 and has evidentiary support for his allegations and that for violation of this rule the court may

8 impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

9       A prisoner may bring no § 1983 action until he has exhausted such administrative

10 remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*

11 *v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any

12 departmental decision, action, condition, or policy which they can demonstrate as having an

13 adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must

14 be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

15 "action requested." Therefore, this court ordinarily will review only claims against prison

16 officials within the scope of the problem reported in a CDC form 602 or an interview or claims

17 that were or should have been uncovered in the review promised by the department. Plaintiff is

18 further admonished that by signing an amended complaint he certifies his claims are warranted

19 by existing law, including the law that he exhaust administrative remedies, and that for violation

20 of this rule plaintiff risks dismissal of his entire action, including his claims against defendants

21 G. Costra, Huckabee, R. V. Cox, L. Dial and James.

22       Accordingly, the court hereby orders that:

23       1. Plaintiff's request to proceed *in forma pauperis* is granted.

24       2. Claims against defendants Sergerstrom, Kathleen J. Adams, R. J. Leo, Michael Roche,

25 Banner Lassen Medical Center, the Director and Chief Medical Officer of Banner Lassen

26 Medical Center, Felker, and Woodford are dismissed with leave to amend. Within 30 days of

1   service of this order, plaintiff may amend his complaint to attempt to state cognizable claims

2   against these defendants.  Plaintiff is not obliged to amend his complaint.

3          3.  The allegations in the pleading are sufficient at least to state cognizable claims against

4   defendants G. Costra, Huckabee, R. V. Cox, L. Dial and James.  *See* 28 U.S.C. § 1915A.  With

5   this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the

6   pleading filed April 28, 2008, five USM-285 forms and instructions for service of process on

7   defendants G. Costra, Huckabee, R. V. Cox, L. Dial and James.  Within 20 days of service of this

8   order plaintiff may return the attached Notice of Submission of Documents with the completed

9   summons, the completed USM-285 forms, and six copies of the endorsed April 28, 2008,

10  complaint.  The court will transmit them to the United States Marshal for service of process

11  pursuant to Fed. R. Civ. P. 4.  Defendants G. Costra, Huckabee, R. V. Cox, L. Dial and James

12  will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P.

13  12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent

14  to an order dismissing his defective claims against defendants Sergerstrom, Kathleen J. Adams,

15  R. J. Leo, Michael Roche, Banner Lassen Medical Center, the Director and Chief Medical

16  Officer of Banner Lassen Medical Center, Felker, and Woodford without prejudice.

17         4.  Defendant O. Rufion is severed from this action.  Plaintiff may file a separate

18  complaint against O. Rufion in the Fresno Division of this court.

19  Dated:  July 10, 2008.

20

21                                              EDMUND F. BRENNAN
                                                UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GERALD L. MILLER, JR.,

11          Plaintiff,                 No. CIV S-07-1646 LKK EFB P

12      vs.

13   JANE WOODFORD, et al.,

14          Defendants.          NOTICE OF SUBMISSION OF DOCUMENTS

15   _____/

16       Plaintiff hereby submits the following documents in compliance with the court's order
     filed _____:

17

18          ___1___       completed summons form

19          ___5___       completed forms USM-285

20          ___6___       copies of the ___April 28, 2008_____
                                          Amended Complaint
21

22   Dated:

23                              _____
                                          Plaintiff
24

25

26

                                 8