IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD L. MILLER,

      Plaintiff,                   No. CIV S-07-1646 LKK EFB P

      vs.

JANE WOODFORD, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On February 6, 2009, and on March 2, 2009, plaintiff requested the Clerk of the Court to enter the default of defendants L. Dial and James. For the reasons explained, the court finds that entry of default is appropriate as to L. Dial, but not as to James.

      Federal Rule of Civil Procedure 55 states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

A party who waives service of process has 60 days from the date the request for waiver was sent to serve an answer. Fed. R. Civ. P. 4(d)(3).

////

////

1

The United States Marshal sent a request for waiver to defendant Dial on August 8, 2008.[1] On November 7, 2008, the return was filed with a signed and dated waiver of service. However, defendant Dial has not responded to the complaint. Accordingly, his default must be entered.

As for defendant James, the court directed the United States Marshal to effect service of process on James, but no return has been filed. Therefore, the status of service on this defendant is unclear. The Clerk of the Court cannot enter James's default without evidence that he has been served or has waived personal service, and the court has directed the Marshal to once again attempt to serve defendant James.

Accordingly, it hereby is ordered that:

1. The Clerk of the Court shall enter the default of defendant L. Dial; and

2. The Clerk of the Court shall not enter the default of defendant James.

Dated: April 14, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] In the "Remarks" section of the USM-285 form is the handwritten note: "mailed 8/10/08 10/9/08 fwd." Presumably "10/9/08 fwd" means the document was forwarded to the defendant on that date. Whether the time period for responding to the complaint is measured from August 10, 2008, when the waiver seems to have been mailed, or October 9, 2008, the time for defendant Dial to respond to the complaint would have expired no later than December 8, 2009.