IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD LEE MILLER, JR.,

    Plaintiff,

vs.

JANE WOODFORD, et al.,

    Defendants.

No. CIV S-07-1646 LKK EFB P

ORDER AND ORDER MODIFYING SCHEDULE

/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court is his February 11, 2009, motion to compel discovery. For the reasons explained below, the motion must be denied and the schedule must be modified.

**I. Facts**

So far in this action, only defendants Huckabee and R. V. Cox have appeared.[1] On January 4, 2009, plaintiff served on defendants' counsel a request for production of documents. Pl.'s Mot. to Compel, at Exh. 1. He directed the request to defendants' attorney, Priscilla Lucas,

---

[1] On March 16, 2009, the court dismissed all claims against defendants Sergerstrom, Kathleen J. Adams, R. J. Leo, Michael Roche, Banner Lassen Medical Center, the Director and Chief Medical Officer of Banner Lassen Medical Center, Felker and Woodford. Defendant L. Dial has waived service, but has yet to appear. Defendants G. Costra and James have not been served.

1

but requested "that the above defendants produce for inspection and copying [specified] documents." *Id.*, at 1. Plaintiff did not list the defendants from whom he sought documents. Plaintiff received no documents in response to this request. On January 30, 2009, he wrote a letter to defendants' counsel requesting that the defendants respond to his discovery requests, emphasizing that he believed the documents he sought might help him locate a defendant who has yet to be served, i.e. G. Costra. Pl.'s Mot., Exh. 2. Plaintiff asserts, and defendants do not dispute, that counsel did not respond to the letter. On February 11, 2009, plaintiff filed the motion now under consideration.

## II.     Standards

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Any party may request any other *party* produce for inspection documents including writings, drawings, graphs, charts or data compilations. Fed. R. Civ. P. 34(a). The requesting party must identify the items to be produced and the *party* upon whom the request is made must make a written response stating that inspection will be permitted as requested, unless the party objects and states the basis therefor. Fed. R. Civ. P. 34(b). A party may, on proper notice to other *parties*, move for an order compelling discovery with respect to objections or other failure to respond to requests to produce documents. Fed. R. Civ. P. 37(a)(2)(B), 34(b).

## III.    Analysis

Here, defendants assert that they were under no obligation to respond to plaintiff's discovery requests. In particular, they assert that plaintiff did not direct his request for admission of documents to any party in this action.[2] Defendants' opposition to the motion to compel is well-taken insofar as plaintiff failed to direct his request to individuals who are parties to this

---

[2] The court notes that plaintiff seeks an order compelling non parties, i.e., Joan [sic] Woodford and the Department of Corrections, to respond to his requests, and despite this counsel for the defendants responded to that motion.

action. This, however, does not justify counsel's failure to respond to plaintiff's letter asking for a response. Plaintiff, proceeding without counsel, clearly was attempting informally to resolve a discovery dispute as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. Fed. R. Civ. P. 37(a); L. R. 37-251(a). Counsel could have responded to plaintiff by pointing out the defect defendants now raise in their opposition, thereby negating the need for the instant motion. Ignoring the letter under such circumstances neither assists the parties or the court in narrowing the issues and ultimately resolving this case. Thus, while plaintiff's motion must be denied, plaintiff must have an opportunity to remedy the defects in his discovery requests. Accordingly, the court finds good cause for modifying the scheduling order to provide plaintiff that opportunity. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Accordingly, it is ORDERED that:

1. Plaintiff's February 11, 2009, motion to compel discovery is denied;

2. The scheduling order entered on December 18, 2008, is modified as follows:

   a. The time for plaintiff to serve amended requests for production of documents is extended until April 24, 2009. Any motion to compel responses shall be filed no later than June 6, 2009; and,

   b. Dispositive motions must be filed no later than July 25, 2009.

Dated: April 16, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE