IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD L. MILLER, JR.,

        Plaintiff,                    No. CIV S-07-1646 LKK EFB P

    vs.

JANE WOODFORD, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

                            /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has moved for a temporary restraining order and a preliminary injunction, requesting that defendants and others be enjoined from withholding his mail. For the reasons explained below, plaintiff does not meet the standards for preliminary injunctive relief.

**I.    Relevant Procedural History**

       This action proceeds on the third amended complaint, which claims that Adams, G. Costra, R. V. Cox, L. Dial, Huckabee, and Segerstrom violated plaintiff's Eighth Amendment rights, either by deliberate indifference to his serious medical needs or by using excessive force against him. He alleges that defendant James interfered with his receipt of a medically necessary liquid diet in retaliation for plaintiff's exercise of his First Amendment rights. In the motion for a temporary restraining order, which does not address the claims in the complaint, plaintiff

1

asserts that he has not received mail sent from this court or from his family.  In particular, he asserts that on December 18, 2008, the court mailed plaintiff documents which were withheld from him.  He seems to base this claim on his allegation that Officer A. Fernandez came to his cell, told plaintiff about the documents, but refused to deliver them because of some complication related to entering these documents in the prison mail log.[1]  Plaintiff filed a grievance about this, but never received any response.  He also asserts that he has not received any correspondence from family or friends since he commenced this action, and that on December 1, 2008, a magazine directed to him was removed from the mail room for no reason.  He accuses Officer J. Rocozco of refusing to take his outgoing legal mail on December 30, 2008.  Plaintiff suspects that orders on his request for counsel and objections to findings and recommendations, both requests signed on November 25, 2008, were taken from the mail room because as of December 28, 2008, when he signed the instant motion, he had not received orders on these filings.

**II.     Standards**

A temporary restraining order is available to an applicant for a preliminary injunction when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction.  Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for hearing at earliest possible time after entry of temporary restraining order); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 440-41 (1974) (whether issued in state court prior to removal, or by a federal court, the underlying purpose of temporary restraining order is preserving status quo pending hearing a motion for preliminary injunction and shall not remain in effect beyond the time limitations imposed by Rule 65); Wright, Miller & Kane, *Federal Practice & Procedure*, § 2951

---

[1] Plaintiff's assertion about the "log" is incomprehensible.  He states that Fernandez withheld the documents "because they wasn't in the prison legal mail log system or wasn't log and return then back to the mail room."  Motion, at 3.

(2d ed. 1995). Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977); *Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); *Century Time Ltd. v. Interchron Ltd.*, 729 F. Supp. 366, 368 (S.D.N.Y. 1990). The court addresses the need for a preliminary injunction herein and, accordingly, a temporary restraining order pending that ruling is unnecessary.

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The

threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

**III.   Analysis**

The first prong of the preliminary injunction standard is the prospect for success on the merits. At an irreducible minimum, plaintiff must at least raise serious questions going to the merits of his case. Plaintiff's action is based on Eighth Amendment violations and one First Amendment violation, i.e., alleged retaliation which took the form of interfering with doctors orders related to a serious medical need. Nowhere in the instant motion does plaintiff demonstrate that he probably will prevail on the merits. Neither does he specify which defendants, if any, participated in the wrongdoing alleged in the instant motion. The court cannot issue a blanket order enjoining all defendants from engaging in conduct without any evidence they participated, or are an imminent threat to engage in some wrongdoing.

Plaintiff's motion is deficient in other respects. He makes no connection between the allegations in the complaint and the allegations in his motion. Moreover, not only are the allegations in the motion are wholly unrelated to those of the complaint, but plaintiff has not support these allegations with evidence. He suspects interference with his ability to prosecute this action because, at the time he filed the instant motion, he had not received orders on objections to findings and recommendations and a request for counsel, both of which he signed on November 25, 2008. This suspicion also is based on his not having received an unidentified order of December 18, 2008. The suspicion is unfounded. The docket in this action shows that December 5, 2008, the Clerk of the Court docketed objections to findings and recommendations and a request for the appointment of counsel, both dated November 25, 2008. No order issued on the objections until after plaintiff filed the instant motion.

4

The docket also shows that on December 18, 2008, the court denied the request for counsel. Insofar as plaintiff did not receive that order, he has not shown that any defendant interfered with his receipt of it, or that it has interfered with his ability to prosecute this action. On that date the court also sent to plaintiff materials necessary for effecting service of process on G. Costra. However, plaintiff eventually received that order. On January 20, 2009, he requested an extension of time to comply with it.[2] Thus, it does not appear that anyone, much less the defendants in this action, has engaged in any wrongdoing that threatens plaintiff with imminent harm. For these reasons, plaintiff has failed to demonstrate that he is entitled to a preliminary injunction under the first test for issuing such an order.

The second prong of the preliminary injunction focuses on the relative hardships and whether injunctive relief is necessary to prevent irreparable harm. The lower the showing of probable success on the merits, the higher plaintiff's burden is to show that the threatened harm to him outweigh the burdens imposed by granting an injunction. Plaintiff has not shown probable success on the merits. The court previously has found that he states claims for relief, and therefore, assumes that there are serious questions going to the merits of this action. But the court cannot issue a preliminary injunction unless plaintiff has demonstrated that a threat of harm presently exists, even if injury is not absolutely certain to occur. *FDIC v. Garner*, 125 F.3d 1272, 1279-80 (9th Cir. 1997). Plaintiff has not produced evidentiary support for his allegations of interference with his mail, and even if this alleged injury had some nexus to his claims in the complaint, the alleged harm is purely speculative. The court cannot find that he faces an immediate threat of irreparable harm based on speculation. *See Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1998). For these reasons, plaintiff has not demonstrated that under the alternative test, he is entitled to the relief he seeks.

////

---

[2] The court granted that request. Thus, whatever difficulty plaintiff was having did not prejudice his ability to comply with the order.

## IV. Conclusion

For the reasons explained above, plaintiff has not made the showings necessary to obtain a temporary restraining order or a preliminary injunction. Thus, plaintiff's January 7, 2009, motion must be denied.

Accordingly, it is hereby recommended that plaintiff's January 7, 2009, motion for a temporary restraining order and preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 15 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 27, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE