IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD LEE MILLER, JR.,

    Plaintiff,                 No. CIV S-07-1646 LKK EFB P

    vs.

JANE WOODFORD, et al.,

    Defendants.            <u>ORDER</u>

                                        /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.

       On August 6, 2008, the court ordered the United States Marshal ("Marshal") to serve process upon defendant James.[1] The order directed the Marshal to attempt to secure a waiver of service before personally serving the defendant. It further ordered the Marshal, if a waiver of service was not returned within 60 days, to: (1) personally serve defendant without prepayment of costs under Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c); and (2) file

---

[1] The order directed service on defendants Costra, Huckabee, Cox, Dial and James. Defendants Dial, Cox and Huckabee executed waivers of personal service which were signed by these defendants in November and December, 2008. Dckt Nos. 21, 34, and 35. The summons as to Costra was returned unexecuted with the notation that he could not be located. Cox and Huckabee filed answers in December 2008. Dckt. Nos. 26 and 27. Dial's default was entered on April 14, 2009. Dckt. No. 58.

1  the return of service with evidence of attempts to secure a waiver and costs subsequently
2  incurred in effecting personal service.
3       As to defendant James, the Marshal first attempted service by mail but was unable to
4  obtain James' consent to waiver of personal service.  Accordingly, the Marshal incurred the cost
5  of completing personal service and now seeks reimbursement from defendant James for those
6  costs.  Fed. R. Civ. P. 4.
7       On May 5, 2009, the U.S. Marshal filed a return of service (i.e., a Process Receipt and
8  Return, form USM-285) showing that personal service was finally effected on James through
9  personal service on April 23, 2009.  The form includes a notation in the "remarks" space
10 indicating that the Marshal first attempted service by mail with a request for waiver of personal
11 service.  The notation indicates that the request was mailed on August 11, 2008, and apparently
12 after no response, was resent on March 10, 2009.  The papers mailed to the defendant on August
13 11, 2008 included instructions to him that the costs of service would be avoided if, within sixty
14 days, the Marshal received the defendant's signed waiver.  *See* Defendant's Objection to the
15 Request for Reimbursement of Process Fee, at 2.  The Marshal's notations on Form USM-285
16 further indicates in an entry of March 26, 2009, that efforts were being made to personally serve
17 defendant at his home. There is an entry in the remarks dated April 17, 2009 of "no waiver,
18 personal service."[2]
19      The form (USM-285) shows that the Marshal incurred $683.10 in costs by having to
20 effect personal service on James.
21 ////
22 ////
23 ////
24 ////

---

[2] Defendant James finally filed an answer on May 7, 2009.

Fed. R. Civ. P. 4 provides, in pertinent part that:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a *duty to avoid unnecessary costs* of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court *shall impose the costs subsequently incurred* in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2) (emphasis added).

Defendant James has objected to the request and presses two points. First, he asserts that he was about to retire at the time the request for waiver of personal service was first mailed and did not receive the paperwork until after his retirement. He states that "[nevertheless, he did request legal representation through [High Desert prison] in November 2008. Due to oversight and inadvertence the request was not processed right away, and a signed waiver was not returned sooner." Although James' failure to return the signed waiver was not intentional, "oversight and inadvertence" do not constitute "good cause." The court finds defendant James was given the opportunity required by Rule 4(d)(2) to waive service but failed to do so.

James also argues that regardless of his failure to timely sign and return the waiver the Marshal re-mailed the letter and waiver form and thereby led James to believe that he had another 60 days to sign and return the form, but the Marshal effected personal service before the additional 60 days expired. James' objection to the Marshal's request for reimbursement acknowledges that the Marshal was attempting to work with the prison's Litigation Coordinator to complete service. The court is unwilling to attribute to the Marshal's staff the responsibility for the additional costs of service occasioned by James' failure to sign and return the waiver.

/////

/////

/////

/////

1  Although James no doubt had other matters attracting his attention, his inadvertence and
2  oversight, not the Marshal's efforts to comply with the court's order, resulted in the additional
3  costs in question here.[3]
4      Accordingly, the court hereby orders that:
5      1.  Within 14 days from the date of service of this order, defendant James shall pay to the
6  United States Marshal the sum of $683.10; and,
7      2.  The Clerk of the Court shall serve a copy of this order on the U.S. Marshal.
8  DATED: July 13, 2009.

                        */s/ Edmund F. Brennan*
                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE

---

[3] This point is underscored by the fact that other defendants were able to execute and return waivers of personal service in November and December, 2008. *See* n. 1 supra.