IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD L. MILLER,

      Plaintiff,                    No. CIV S-07-1646 LKK EFB P

   vs.

JANE WOODFORD, et al.,

      Defendants.               <u>ORDER AND FINDINGS</u><br><u>AND RECOMMENDATIONS</u>

                              /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has moved for leave to file an amended complaint. Additionally, defendants Cox, Huckabee and James moved to modify the pretrial schedule to extend the time for completing discovery and to file dispositive motions. For the reasons explained below, leave to file an amended complaint will be granted, but some claims in the proposed complaint must be dismissed. In light of the addition of new defendants, a new scheduling order will be issued.

**I.     Procedural History**

      Plaintiff commenced this action with his initial complaint on July 27, 2007. Before the court could screen that complaint pursuant to 28 U.S.C. § 1915A, plaintiff filed a first amended complaint which was reviewed and dismissed with yet further leave to amend. Plaintiff filed a second amended complaint, which was reviewed and found to state claims that defendants G.

1

Costra and Huckabee used excessive force, and that R. V. Cox, L. Dial and James were deliberately indifferent to his serious medical needs. The second amended complaint did not, however, state cognizable claims against Segerstrom, Kathleen J. Adams, R. J. Leo, Michael Roche, Banner Lassen Medical Center, the Director and Chief Medical Officer of Banner Lassen Medical Center, Felker or Woodford. The court explained the deficiencies in the claims against these defendants, and explained that plaintiff could pursue the properly stated claims against Costra, Huckabee, Cox, Dial and James, or file yet another amended complaint in an attempt to cure his deficient claims. He elected to pursue the claims he already had stated, and the court dismissed all other claims without prejudice.[1]

On March 23, 2009, plaintiff filed the instant motion to amend and a proposed amended complaint.

## II.  Legal Standards & Analysis

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). The liberal policy in favor of amendments is subject to some limitation. Motions to amend should be granted unless the district court determines that there has been a showing of (1) undue delay, (2) bad faith on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; or (5) futility of the proposed amendment. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Where an amendment would be futile or would be subject to dismissal, the district court does not err in denying leave

---

[1] Huckabee, Cox, and James have since filed answers. Costra has yet to be served with process.

2

to amend. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991).

Here, defendants have not opposed the request to file an amended complaint. Moreover, none of the factors weighing against amendment are present in this action, except futility which is addressed below. Thus, as the rule provides, leave to amend will be freely given and the proposed new complaint is ordered filed. However, this recently amended complaint must be screened pursuant to 28 U.S.C. § 1915A.

Having reviewed the third amended complaint, the court finds that plaintiff has stated the following claims for relief: (1) Segerstrom and Adams were deliberately indifferent to plaintiff's serious medical needs by denying him care for a jaw injury; (2) Segerstrom and Adams discriminated against plaintiff in the administration of medical care based on plaintiff's race; (3) Cox was deliberately indifferent to plaintiff's serious medical needs by failing to refer plaintiff to a dentist for jaw x-rays and by refusing to provide plaintiff with a liquid diet; (4) Costra and Huckabee used excessive force against plaintiff in violation of the Eighth Amendment; (5) Huckabee failed to protect plaintiff from Costra; (6) Dial was deliberately indifferent to plaintiff's serious medical needs, i.e., the injuries he sustained from the attack of Costra and Huckabee; and (7) James removed plaintiff from his liquid diet in retaliation for plaintiff's having filed grievances about Cox. The court further finds that plaintiff states the following claims under state law:[2] (1) intentional infliction of emotional distress based on the allegations that Segerstrom and Adams denied plaintiff medical care; (2) medical malpractice based on the allegations noted above against Cox and against Dial; (3) battery based on the allegation that Costra and Huckabee used excessive force; (4) intentional infliction of emotional distress based

---

[2] In general, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1368. This standard is satisfied if the state law claim "shares a common nucleus of operative fact with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). The court finds that the standard is met with respect to the state claims herein identified.

on the allegation that defendant James removed plaintiff from his liquid diet. Plaintiff may proceed on the March 23, 2009, third amended complaint with respect to these claims.[3]

The determination that plaintiff has stated claims against defendant Dial necessitates addressing the significance of Dial's previous default. Defendant Dial was served with process, but he failed to appear and defend against this action as required by the Federal Rules of Civil Procedure. Thus, on plaintiff's motion, the Clerk of the Court entered Dial's default. On February 6, 2009, plaintiff filed a motion for default judgment. However, the third amended complaint supersedes the prior complaints. *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956). Therefore, any default judgment sought as to Dial must be on the basis of the third amended complaint as the second amended complaint is now of no effect. Plaintiff's motion for default judgment against Dial is moot and must be denied on that ground.

For the reasons explained below, plaintiff's other claims must be dismissed. Plaintiff claims that Segerstrom, Adams, Cox, James and Dial conspired to deny plaintiff medical treatment for his jaw injury. To state a claim for conspiracy, plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took some concerted action in furtherance thereof. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir. 1988); *Gilbrook v. City of Westminster*, 177 F.3d 839 (9th Cir. 1999); *Burns v. County of King*, 883 F.2d 819, 822 (9th Cir. 1989) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989)(plaintiff failed to allege specific facts showing agreement and concerted action among defendants); *see also Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998)(to state claim for conspiracy under § 1983, plaintiff must allege facts showing an

---

[3] In asserting these claims, plaintiff refers to sections 844.6, 845.2, 845.6 of the government code. These provisions address public entities' immunity from suit with respect to prisoners' claims. Section 845.6 clarifies that public employees, except those engaged in the "healing arts," are not subject to liability for negligence with respect to the provision of health care for prisoners. Accordingly, these provisions do not provides for any cause of action or basis of liability.

agreement among the alleged conspirators to deprive him of his rights); *see also Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to deprive him of rights may be inferred). Plaintiff has not alleged specific facts showing that defendants agreed to accomplish an unlawful objective. Neither does he allege facts from which any agreement could be inferred. His allegations are conclusory and, therefore, he fails to state a claim for conspiracy.

Plaintiff alleges that defendants Leo and Roche knew of Cox's and Dial's deliberate indifference to plaintiff's serious medical needs because of plaintiff's administrative appeal of their conduct, but Leo and Roche failed to investigate the matter. He also alleges that defendants Woodford and Felker knew that constitutional violations occurred regularly within the California Department of Corrections and Rehabilitation, and as supervisors they are liable for plaintiff's injuries. Section 1983 creates a cause of action against any person who, under color of state law, deprives a citizen or person within the jurisdiction of the United Sates of a constitutional right. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A supervisor is liable for constitutional violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them, *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989), or if he implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989). Plaintiff expressly asserts that Leo, Roche, Woodford and Felker are subject to liability based on their supervisory responsibilities. Since this is not a basis for recovery under § 1983, plaintiff fails to state a claim for relief. Claims against these defendants must be dismissed.

Plaintiff also claims that M. Wright violated his rights by interfering with the administrative appeals investigation of Costra. In particular, plaintiff asserts that Wright somehow prevented plaintiff from pursuing a citizen's complaint. Insofar as plaintiff seeks to make a claim that Wright has violated the Due Process Clause of the Fourteenth amendment,

such a claim fails.  Prisoners have "no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988).  This claim must be dismissed.

Plaintiff claims that all defendants are subject to liability under 42 U.S.C. § 1986.[4]  A predicate for bringing suit under § 1986 is stating a claim under 42 U.S.C. § 1985.[5]  42 U.S.C.

---

[4] Section 1986 provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

[5] Although plaintiff cites to 42 U.S.C. § 1985(2), dealing with obstruction of justice and intimidating a party, witness or juror, it appears that plaintiff intends to proceed under 42 U.S.C. § 1985(3). Third Amended Complaint, at 31. That subsection prohibit conspiracy to deprive persons of rights or privileges that exist under federal law:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right

1986; *see also McCalden v. California Library Association*, 955 F.2d 1214, 1223 (9th Cir. 1990).  As explained above, plaintiff fails to allege facts stating a claim for conspiracy.  He therefore fails to state a claim under section 1985 and cannot state a claim under section 1986.  Accordingly, this claim must be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's March 23, 2009, request to file a third amended complaint is granted.

2. The complaint states cognizable claims against defendants Adams, G. Costra, R. V. Cox, L Dial, Huckabee, James and Segerstrom.

3. Plaintiff must effect service of process on Adams, Costra and Segerstrom.

4. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and one copy of the March 23, 2009, third amended complaint.

5. Within 20 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and four copies of the endorsed March 23, 2009, pleading.

6. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants Adams and Segerstrom pursuant to Federal Rule of Civil Procedure 4 without payment of costs.  Failure to comply with this order will result in a recommendation that this action be dismissed.

7. Defendants' motion to modify the pretrial schedule to extend the time for completing discovery and to file dispositive motions is granted.  The schedule is vacated and the court will issue a new discovery and scheduling order once the newly added defendants have been served and have answered the complaint.

---

> or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's February 6, 2009, motion for default judgment be denied;

2. The following claims in the third amended complaint be dismissed with prejudice:

    a. Segerstrom Adams, Cox, James and Dial conspired to deny plaintiff medical treatment for his jaw;

    b. Leo, Roche, Woodford and Felker are subject to liability based on their supervisory positions;

    c. M. Wright violated plaintiff's rights by interfering with an administrative investigation of Costra;

    d. Defendants are subject to liability under 42 U.S.C. §§ 1985 & 1986.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 31, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD L. MILLER,

      Plaintiff,                       No. CIV S-07-1646 LKK EFB P

   vs.

JANE WOODFORD, et al.,

      Defendants.               <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

     Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        <u> 1 </u>     completed summons form

        <u> 3 </u>     completed forms USM-285

        <u> 4 </u>     copies of the <u>  March 23, 2009  </u>
                                            Third Amended Complaint

Dated:

                                                       Plaintiff