IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD LEE MILLER, JR.,

        Plaintiff,

vs.

JANNE WOODFORD, et al.,

        Defendants.

No. CIV S-07-1646 LKK EFB P

ORDER AND
FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently outstanding are several motions filed by plaintiff directed toward obtaining the current address of defendant G. Costra in order to effect service, Dckt. Nos. 60, 87, 93, 103[1], a motion concerning a prior default order against defendant L. Dial, Dckt. No. 83, and a request that the Court reconsider a prior order denying plaintiff's request for a temporary restraining order ("TRO"), Dckt. No. 67. Also before the Court is a motion to dismiss plaintiff's state-law causes of action filed by defendants Cox, Huckabee, James, and Dial, Dckt. No. 88.

////

////

---

[1] Because the instant Order and Findings and Recommendations addresses numerous motions, the Court will identify each by its Docket Number to avoid confusion.

1

For the following reasons, the Court denies plaintiff's requests for leave to file an amended motion to compel, Dckt. No. 60, and for the Court's assistance in locating defendant G. Costra, Dckt. Nos. 87, 93, 103.  Further, the Court recommends denial of plaintiff's requests for an ex parte hearing, Dckt. No. 83, and reconsideration of his motion for a TRO, Dckt. No. 67.  Finally, the Court recommends that defendants' motion to dismiss plaintiff's state-law causes of action, Dckt. No. 88, be granted.

## I.     Plaintiff's Motions Regarding G. Costra

On April 22, 2009, plaintiff filed a "Motion for Leave to File an Amended Motion to Compel Discovery," Dckt. No. 60, seeking an order compelling defendants to respond to his discovery requests inquiring into the whereabouts of defendant G. Costra.  Plaintiff filed a nearly identical motion on June 5, 2009, Dckt. No. 71, which the Court denied on August 25, 2009, Dckt. No. 95.  For the same reasons provided in that order, the Court also denies plaintiff's April 22, 2009 motion, Dckt. No. 60.

Plaintiff has also filed two "Motion[s] for Intervention," the first on July 31, 2009, Dckt. No. 87, and the second on August 20, 2009, Dckt. No. 93.  By these motions, plaintiff seeks to have the Court intervene on his behalf to locate G. Costra.  In an order dated April 16, 2008, the Court informed plaintiff that he could seek G. Costra's address "through discovery, the California Public Records Act, California Government Code §§ 6250, *et seq.*, or any other means available."  Plaintiff states that defendants will not answer his discovery requests about G. Costra's whereabouts and that his imprisonment in a high security facility prevents him from filing a Public Records Act request to obtain the information.  Plaintiff has not explained why his imprisonment prevents him from seeking the information through a request under the Public Records Act.  Indeed, from his prosecution of the instant action it appears that plaintiff is able to file legal requests despite his incarceration.  In addition, on August 25, 2009, the Court granted plaintiff's request to modify the discovery scheduling order to permit him to serve an amended discovery request to defendants regarding G. Costra's location.  As plaintiff has not shown that

2

he cannot obtain G. Costra's address through the currently available avenues of discovery or a Public Records Act request, the Court denies plaintiff's requests for the Court's intervention, Dckt. Nos. 87, 93. For the same reasons, the Court denies plaintiff's request that the Court itself provide plaintiff with G. Costra's address, Dckt. No. 103.

**II.     Plaintiff's Motion for Ex Parte Hearing**

On July 20, 2009, Plaintiff filed a "Motion for Default Judgment. Petitioner Request for Ex Parte Hearing Before the Court and Judgment without Further Notice," Dckt. No. 83. Plaintiff states that the Court entered default judgment against defendant L. Dial on April 14, 2009 and requests an ex parte hearing "to determine the actual amount due to the petitioner by defendant L. Dial." However, in an order dated September 30, 2009, Dckt. No. 104, adopting the July 31, 2009, findings and recommendations, Dckt. No. 86, the Court noted that the default judgment that had been entered against L. Dial was no longer in effect, because it was based on the Second Amended Complaint, which was no longer the operative pleading. Accordingly, the Court ruled that plaintiff's request for default judgment against L. Dial, dated February 6, 2009, was moot. Because no effective default judgment has been entered against L. Dial under the currently-operative Third Amended Complaint, plaintiff's request for an ex parte hearing to determine the amount due under such a judgment, Dckt. No. 83, must be denied.

**III.    Plaintiff's Motion for Reconsideration of TRO Ruling**

In his "Motion for Leave to File a Motion for Reconsideration of Temporary Restraining Order," Dckt. No. 67, plaintiff asks the Court to reconsider its order of August 28, 2009, Dckt. No. 97, adopting the May 27, 2009 findings and recommendations, and denying plaintiff's request for interim injunctive relief to stop prison staff from interfering with his mail and legal documents.

////

////

////

1      Under Federal Rule of Civil Procedure 60(b), the Court may relieve a party from the
2 effect of an order for:

3    (1) mistake, inadvertence, surprise, or excusable neglect;
     (2) newly discovered evidence that, with reasonable diligence, could not have
4    been discovered in time to move for a new trial under Rule 59(b);
     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
5    misconduct by an opposing party;
     (4) the judgment is void;
6    (5) the judgment has been satisfied, released, or discharged; it is based on an
     earlier judgment that has been reversed or vacated; or applying it prospectively is
7    no longer equitable; or
     (6) any other reason that justifies relief.
8

9 Plaintiff has not made any showing justifying relief under Rule 60(b). Moreover, his request for
10 a temporary restraining order remains defective as described in the Findings and
11 Recommendations of May 27, 2009: he does not demonstrate any probability of success on the
12 merits of his suit, the allegations in the request for the restraining order are unrelated to the
13 allegations of the complaint, the restraining order request fails to specify which of the defendants
14 participated in the wrongdoing alleged, and plaintiff's allegations are unsupported by evidence.
15 While plaintiff allegedly did not receive the Court's April 16, 2009 order until a few days after
16 the April 24, 2009 deadline provided by that order had passed, he did receive the order and has
17 since been relieved from the deadline provided therein. Plaintiff has not shown that any of the
18 defendants have engaged in wrongdoing that prevented him from receiving that order or other
19 mail or have otherwise interfered with his documents. Accordingly, plaintiff has not shown that
20 he will be subject to imminent harm absent an injunction. *See Winter v. Natural Res. Def.*
21 *Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 374 (2008) (holding that a party seeking a
22 preliminary injunction must show "[1] that he is likely to succeed on the merits, [2] that he is
23 likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of
24 equities tips in his favor, and [4] that an injunction is in the public interest.") As plaintiff has not
25 made any showing justifying the Court's reconsideration of its order denying his request for a
26 temporary restraining order, the undersigned recommends that his request for reconsideration,

4

Dckt. No. 67, be denied.

**IV.     Defendants' Motion to Dismiss State-Law Causes of Action**

On August 10, 2009, defendants Cox, Huckabee, James and Dial filed a "Motion to Dismiss State Law Causes," seeking the dismissal of the fifth, sixth, eighth, and ninth causes of action alleged in plaintiff's Third Amended Complaint. These causes of action assert wholly state law claims (for intentional infliction of emotional distress, negligence, assault and battery, and "violation of California law"). Defendants seek dismissal of these claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, because plaintiff has failed to allege that he presented the claims to the California Victim Compensation and Government Claims Board ("the Board") prior to filing suit.

The California Tort Claims Act ("the Act") requires that a plaintiff who seeks to prosecute a claim for damages against a state employee first present that claim to the Board within six months of the accrual of the claim. Cal. Gov't Code §§ 900.2, 905, 905.2, 910, 911.2, 945.4, 950-950.2; *California v. Super. Ct. (Bodde)*, 32 Cal.4th 1234, 1245 (2004). To state a tort claim against a state employee, the plaintiff must allege compliance with the presentation requirement. *Bodde*, 32 Cal.4th at 1245; *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has not done so here.

Plaintiff argues that California's tort claim presentation rules do not apply to his lawsuit because it is brought under 42 U.S.C. § 1983, citing *Felder v. Casey*, 487 U.S. 131, 146-51 (1988). While it may be true that plaintiff's causes of action under § 1983 are not subject to the presentation rules, his state tort claims *are* subject to those rules and are not exempted from them merely because plaintiff has also alleged causes of action under § 1983. *See Karim-Panahi*, 839 F.2d at 627 (affirming dismissal of supplemental state tort claims where plaintiff failed to allege compliance with California's tort claim procedures). As plaintiff has not alleged compliance with California's tort claim presentation rules, defendants' motion to dismiss his state-law claims should be granted, with leave to amend to allow plaintiff to file an amended complaint alleging

5

his compliance with the Act.[2]

## V.    Conclusion

For the foregoing reasons, it is ORDERED that:

1. Plaintiff's "Motion for Leave to File an Amended Motion to Compel Discovery," Dckt. No. 60, is DENIED;

2. Plaintiff's two "Motion[s] for Intervention," dated July 31, 2009, Dckt. No. 87, and August 20, 2009, Dckt. No. 93, are DENIED; and

3. Plaintiff's "Request for U.S. Marshal to be Provide[d] with the Present or Last Known Address of Defendant G. Costra for Service of Summons and Complaint," Dckt. No. 103, is DENIED.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's "Motion for Leave to File a Motion for Reconsideration of Temporary Restraining Order," Dckt. No. 67, be DENIED;

2. Plaintiff's "Motion for Default Judgment. Petitioner Request for Ex Parte Hearing Before the Court and Judgment without Further Notice," Dckt. No. 83, be DENIED; and

3. Defendants' motion to dismiss plaintiff's state law causes, Dckt. No. 88, be GRANTED, and the fifth, sixth, eighth, and ninth causes of action in plaintiff's Third Amended Complaint be dismissed; and

////

---

[2] Plaintiff argues that the time for defendant Dial to answer the complaint has expired and thus the motion to dismiss should be disregarded as to Dial. Plaintiff argues that the time for Dial to answer should be computed from the filing of the initial complaint, although it has since been amended twice and the currently-operative pleading is the Third Amended Complaint. Plaintiff presents no authority or persuasive argument why the time should be computed from the filing of the initial complaint. Instead, "[i]t is hornbook law that an amended pleading supersedes the original, the latter being treated thereafter as non-existent." *Bullen v. De Bretteville*, 239 F.2d 824, 832 (9th Cir. 1956). As this Court recommended only on July 31, 2009 that the Third Amended Complaint was operative and that plaintiff's request for default against Dial was moot (adopted by the District Court Judge on September 30, 2009), Dial's appearance by the instant motion to dismiss (filed August 10, 2009) is not untimely.

 4.  Plaintiff be granted leave to amend his complaint to allege his compliance with the California Tort Claims Act, if he can, within 30 days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 28, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE