IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD L. MILLER,

    Plaintiff,               No. CIV S-07-1646 LKK EFB P

    vs.

JANE WOODFORD, et. al.,

    Defendants.        <u>ORDER</u>

                           /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On January 28, 2010, the undersigned recommended that the fifth, sixth, eighth, and ninth causes of action in plaintiff's third amended complaint be dismissed and that plaintiff be granted leave to amend. On March 17, 2010, the assigned district judge adopted the findings and recommendations, dismissed those causes of action, and granted plaintiff leave to amend the complaint within 30 days to allege his compliance with the California Tort Claims Act.

       Plaintiff filed a motion to amend on February 22, 2010. He also filed a motion to compel discovery and two motions for assistance in locating several defendants for service purposes.

**I.    Motion to Amend**

       On February 22, 2010, Plaintiff filed a motion styled "Motion to Change Pleadings in Third Amended Complaint." Dckt. No. 118. He states that he "request[s] leave to change the

1

pleadings in his THIRD AMENDED COMPLAINT page 38-39 lines 25-28 lines 1-6 to fix the defective part of this pleadings." Plaintiff does not mention the California Tort Claims Act, and there is no indication that he is attempting to reinstate the causes of action that were dismissed on March 17, 2010.

Plaintiff alleges that a correctional officer named Recozco is retaliating against him for filing this lawsuit by refusing to take his legal mail (and thereby causing him to miss court deadlines), withholding his personal mail, calling him gay, and refusing to process his internal appeal. He alleges that his first amendment rights have been violated, and attaches a copy of two pages from his third amended complaint.

Defendants oppose the motion, arguing that the new allegations do not arise from the same transaction or occurrence, that there are no common questions of fact or law, and that they will be prejudiced by the amendment. Dckt. No. 120. In his response, plaintiff states that his third amended complaint did indeed allege that his prison was withholding his mail in retaliation for the lawsuit, and that he does not seek to add the correctional officers as defendants, but only wants the court to order the correctional officers to stop retaliating against him. Dckt. No. 123.

Whatever his purpose, plaintiff has not submitted a proposed amended pleading. Thus, he has failed to comply with Local Rule 220, which provides that amended pleadings must be "retyped and filed so that it is complete in itself without reference to the prior or superseded pleading." Accordingly, his motion to amend the complaint is denied without prejudice.

**II.     Motions to Compel Discovery and Locate Unserved Defendants**

Plaintiff moves to compel defendants to produce the addresses of three defendants, G. Costra, Segerstrom, and Ms. Kathleen J. Adams, M.D., as well as various documents described in plaintiff's requests for production. Dckt. No. 122. He states that he served requests for production on defendants but did not receive a response. He also states that he requested the defendants' addresses from the Department of Justice Office of Public Records and the Department of Corrections Office of Public Records; that the Department of Justice

representative, defendants' attorney, stated that he could not provide the information; and that the Department of Corrections did not respond to his request.

Defendants oppose plaintiff's motion to compel. They state that plaintiff's motion should be denied because they never received plaintiff's requests for production; plaintiff did not meet and confer with them before filing the motion; and defendants have already advised plaintiff twice that no responsive documents exist. Dckt. No. 126. Defendants' attorney, Meshot, declares that his office received two requests addressed to "Department of Justice Office of Public Records" and "Freedom of Information/ Privacy Act Office Department of Justice" from plaintiff asking for seven categories of documents. Meshot further declares that he "conferred with [his] clients and checked sources of information at [his] disposal" to find defendant G. Costra. *See id.*, Exhibit A, B. He states that he "searched for information responsive to plaintiff's requests and could find none" and that he "checked sources of information within the Department of Justice that are much broader than that which is within the knowledge, custody or control of my clients." Meshot states that he made a second attempt to locate G. Costra when he received plaintiff's second request, but found nothing.

Defendants' counsel has declared under penalty of perjury that "despite a good faith effort to find responsive documents" to plaintiff's discovery requests, "none could be found." Dckt. No. 126, 3-5. Thus, plaintiff has received a properly verified response to his request. As there are no responsive documents to compel, plaintiff's motion to compel production of documents must be denied.

Plaintiff has also filed two motions asking the court to intervene on his behalf and find the addresses of defendants Costra, Segerstrom and Adams. *See* Dckt. Nos. 131, 132. He states that he has exhausted all available avenues in trying to find these defendants, as he has requested the information from defendants' counsel, the Department of Justice and CDCR.

The court ordered the United States Marshal to serve the complaint on defendant Costra on August 6, 2008, and on defendants Adams and Segerstrom on October 2, 2009. On

December 18, 2008, after process for defendant Costra was returned unserved, the court directed plaintiff to provide new instructions for service of process upon defendant Costra.  On February 4, 2010, after process directed to defendants Adams and Segerstrom was returned unserved, the court directed plaintiff to provide new instructions for service of process upon defendants Adams and Segerstrom.  In each of these orders, the court informed plaintiff that he could seek this information through discovery, the California Public Records Act, California Government Code §§ 6250 *et seq*, or any other available means.  The court also informed plaintiff that if his access to the required information was denied or unreasonably delayed, he could seek judicial intervention.

It appears that, despite plaintiff's diligence in seeking the unserved defendants' addresses for service of process, plaintiff has been denied access to that information.  The court recognizes that defendants have searched Department of Justice information sources for these defendants' addresses without success.  However, it is unclear whether either party has made an effective request for the unserved defendants' addresses from CDCR.  Accordingly, the court orders defendants' counsel to, within fourteen days of the date of this order, query CDCR to ascertain the whereabouts of defendants Costra, Segerstrom, and Adams.  If counsel is informed of the business address of either defendant, counsel shall, within seven days thereafter, provide the address to plaintiff.  Alternatively, if counsel is informed of a residential or private address of either defendant, counsel shall, within seven days thereafter, provide that information in a confidential memorandum to the U.S. Marshal's office for this district.  Within thirty days of the date of this order, counsel shall inform the court of the results of the inquiry, including whether, after conducting a good faith inquiry, counsel could not ascertain the address of one or both defendants.

////

////

////

### III. Conclusion

Accordingly, it is hereby ordered that:

1. Plaintiff's February 22, 2010 motion to change pleadings in Third Amended Complaint is denied;

2. Plaintiff's March 25, 2010 motion to compel discovery is denied as moot;

3. Plaintiff's May 10, 2010 motions for the Court to assist plaintiff in locating defendants and for other available avenues in finding and locating defendants are granted; and

4. Defendants are directed to query CDCR to ascertain the whereabouts of defendants Costra, Segerstom, and Adams within fourteen days of the date of this order, and inform plaintiff and the court of the results as directed above.

DATED: July 20, 2010.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE