IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD L. MILLER,

        Plaintiff,                    No. CIV S-07-1646 LKK EFB P

    vs.

JANE WOODFORD, et. al.,

        Defendants.           <u>ORDER</u>

                                  /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on the third amended complaint, filed March 23, 2009, which the court previously found stated claims against defendants G. Costra, Huckabee, R.V. Cox, L. Dial, James, Segerstrom and Adams. Dckt. No. 86.

      Plaintiff has filed two motions to compel discovery, a motion for court intervention in serving three defendants, a request for declaratory relief, and a motion for the court to order a defendant to retain counsel. Dckt. Nos. 140, 152, 143, 149, 144. Defendants have opposed the first motion to compel, the motion for court intervention and the motion to order a defendant to retain counsel. Dckt. Nos. 141, 145, 147.

////

////

1

I.      **Plaintiff's First Motion to Compel**

Plaintiff moves to compel a number of documents that he requested as public records from High Desert State Prison. Dckt. No. 140. He seeks declaratory relief under Cal. Gov't Code § 6258. To paraphrase, plaintiff seeks 1) reports regarding the use of force against him by defendant Costra; 2) memos regarding the use of force generally at HDSP; 3) grievances against Costra for the use of force; 4) policies and procedures regarding the use of force on a prisoner; 5) reports regarding the use of force against plaintiff by defendant Huckabee; 6) grievances against Huckabee; 7) January 2006 policies and standards for the division of correctional healthcare services; 8) grievances against defendant Dial; 9) grievances against defendant Cox; 10) documents created by HDSP staff in response to plaintiff's grievance against defendant Cox; 11) grievances against defendant James; and 12) the video of plaintiff's use of force interview, as well as other documents created by the investigators. *Id.* at 4-8. (These descriptions of the records plaintiff seeks are not meant to supercede the actual wording of plaintiff's requests.) Plaintiff asks that defendants' personal information pertaining to, for example, medical records and life insurance policies, be redacted. *Id.*

Defendants oppose plaintiff's motion to compel. Defendants' one-page opposition argues that plaintiff is seeking public records from CDCR, and because CDCR is not a party to the lawsuit, the court lacks jurisdiction to grant plaintiff's motion. Dckt. No. 141. Defendants argue that plaintiff may file a separate action in California superior court to obtain the records that he seeks. *Id.* Defendants do not assert that the documents sought are not in their custody or control.

Although plaintiff's motion to compel may be plead inartfully, both parties know that plaintiff has unsuccessfully tried for years to obtain discovery through various methods. *See* Dckt. Nos. 40, 56, 60, 71, 122, 139, 140, 152, 153 (plaintiff's various motions to compel discovery in this action). It is clear that plaintiff wishes to obtain these documents, that he has requested them from defendants' counsel, and that defendants' counsel has refused to provide

them to him.  Plaintiff has also been stymied in his attempts to obtain these documents directly from High Desert State Prison, likely because the litigation coordinator believes that CDCR *is* a party to this lawsuit.  *See* Dckt. No. 140, Ex. A (letter from HDSP litigation coordinator denying plaintiff's request for public records because "the records requested pertain to pending litigation to which CDCR is a party").  The parties' and the court's time would be better spent resolving the merits of the case rather than dwelling on procedural technicalities in a pro se case where plaintiff has been diligent and appears to be entitled to at least some of the documents he seeks.

Plaintiff's motion to compel is granted.  Defendants shall produce the documents requested in Dckt. No. 140 to plaintiff within 14 days of the date of this order.

## II.     Unserved defendants

Plaintiff has filed a motion for court intervention to find defendants Costra, Segerstrom and Adams, who have not yet been served.  Dckt. No. 143.  Defendants oppose plaintiff's motion for intervention, stating that the court has already assisted plaintiff and defendants have made efforts beyond the bounds of discovery to find these defendants.  Dckt. No. 147.

After plaintiff filed a motion to compel defendants to produce the addresses of three defendants, G. Costra, Segerstrom, and Ms. Kathleen J. Adams, M.D., the court ordered defendants to query CDCR for information regarding these three defendants' whereabouts. Dckt. No. 136.  Plaintiff stated that he had previously served discovery on defendants, had requested the defendants' addresses from the Department of Justice Office of Public Records and the Department of Corrections Office of Public Records, but had not obtained these defendants' addresses.  Defendants complied with the court order, stating that CDCR does not have contact information for defendants Dr. Segerstrom or Dr. Adams.  Dckt. No. 138.  However, CDCR had a last known address for an employee named "G. Castro," which is believed to be the defendant plaintiff has identified as G. Costra.  *Id.*  Defendants' counsel attests that he has provided Castro's last-known home address to the U.S. Marshal.  *Id.*

////

1  As plaintiff has now received copies of his medical records through discovery, he has
2 now provided additional information for service. Dckt. No. 50. Defendant Dr. Segerstrom's
3 first name is Steven; he may have the ID number of 9938 at Banner Lassen Medical Center.
4 Defendant Dr. Kathleen J. Adams' ID number may be 90471. Dr. Adams may have previously
5 worked at Sutter Coast Hospital.

6  Plaintiff has already attempted to serve these defendants at Banner Lassen Medical
7 Center where they previously worked, but the summons forms were returned unexecuted, as the
8 defendants were not at the address provided, the person attempting service could not "get ahold
9 of anyone at Banner Lassen," and the defendants were not in the CDC locator. Dckt. No. 116.
10 As the U.S. Marshal has already failed in its attempts to locate these defendants at Banner
11 Lassen, it appears that the additional information that plaintiff has provided will not be of much
12 assistance to the Marshal.

13  The court has found that plaintiff has stated claims against Segerstrom and Adams, and it
14 appears that plaintiff has been diligent in attempting to serve them. As it appears that other
15 avenues have been exhausted, service by publication may be appropriate.

16  The court grants plaintiff's motion for court intervention as follows. Defendants may,
17 within fourteen days from the date of this order, inform the court that they oppose service by
18 publication. Defendants may provide an alternate plan for serving Segerstrom and Adams. If
19 defendants do not file a response to this order within fourteen days, plaintiff may then file a
20 motion for service by publication.

21  Plaintiff is advised that under Fed. R. Civ. P. 4(e)(1), his motion for service by
22 publication must meet the requirements listed under Cal. Code Civ. P. § 415.50 ("Service by
23 publication").[1] Notably, plaintiff must file an affidavit with his motion.

---

25  [1] The statute states in full:
26 (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the

4

The court has inquired with the U.S. Marshal regarding the status of service on defendant G. Castro. The U.S. Marshal has not yet served Castro because it had closed its file on Castro after his waiver of service was returned unexecuted in 2008. The court now orders the U.S. Marshal to serve defendant G. Castro, as explained in more detail below.

**III.     Motion for Defendant Cox to Retain Counsel**

Plaintiff has filed a motion for the court to order defendant R.V. Cox to retain counsel. Dckt. No. 144. Plaintiff states that Cox is no longer represented by the attorney general's office,

---

court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:

(1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

(2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property.

(b) The court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served. If the party to be served resides or is located out of this state, the court may also order the summons to be published in a named newspaper outside this state that is most likely to give actual notice to that party. The order shall direct that a copy of the summons, the complaint, and the order for publication be forthwith mailed to the party if his or her address is ascertained before expiration of the time prescribed for publication of the summons. Except as otherwise provided by statute, the publication shall be made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period.

(c) Service of a summons in this manner is deemed complete as provided in Section 6064 of the Government Code.

(d) Notwithstanding an order for publication of the summons, a summons may be served in another manner authorized by this chapter, in which event the service shall supersede any published summons.

(e) As a condition of establishing that the party to be served cannot with reasonable diligence be served in another manner specified in this article, the court may not require that a search be conducted of public databases where access by a registered process server to residential addresses is prohibited by law or by published policy of the agency providing the database, including, but not limited to, voter registration rolls and records of the Department of Motor Vehicles.

Cal. Civ. Proc. Code § 415.50.

and that Cox has failed to respond to his discovery requests. Defendants (including Cox) have filed an opposition to the motion, stating that Cox is indeed still represented by the attorney general's office, although he will eventually be represented by outside counsel. Dckt. No. 145.

As it appears that defendant Cox is currently represented by counsel, plaintiff's motion is denied as moot.

### IV.     Plaintiff's Request for Declaratory Relief

Plaintiff then filed another motion requesting a declaratory relief, stating that Peter Meshot, counsel for defendants, and CDCR and its employees, have taken action to chill his First Amendment rights to file prison grievances and civil rights litigation. Dckt. No. 149. Plaintiff contends that he and Meshot have been in an ongoing dispute over discovery, and that Meshot has been stonewalling. Plaintiff believes that Meshot had him transferred to Calpatria State Prison, where he was set up to be attacked by 20 white prisoners and was given a false rules violation report for participating in a riot. *Id.* at 1-2. He believes that he was transferred so that staff could take his legal property away so that he could not litigate his cases. *Id.* at 3.

In addition, plaintiff has undeservedly been given disciplinary infractions for masturbating and destroying a pair of state-issued boxer briefs. *Id.* He states that his cell was searched and his legal materials were taken, including a draft of a motion to this court; he received a cell search slip stating that he had unauthorized legal materials. *Id.* He has been denied use of the law library and pens and paper. *Id.*

In November 2010 plaintiff was repeatedly told that he would not receive any of his personal mail unless he dropped his lawsuits. *Id.* His personal mail has been withheld from him on the basis of a 20-year old rules violation report that he incurred for making threats over the phone while he was going through a divorce. *Id.* Plaintiff is being illegally held in administrative segregation in retaliation for filing this lawsuit. *Id.* at 8. He has been told that he will not be transferred until he drops this lawsuit, even though his SHU term was up in October of last year. *Id.*

Plaintiff further argues that defendants' attorney, Meshot, has been stonewalling discovery for the past four years. *Id.* at 4. During that time, two of the defendants have retired from CDCR, and plaintiff fears that evidence will be destroyed if it is not produced to him. Plaintiff therefore asks the court to issue a "protective order" over the discovery that he seeks. *Id.*

Plaintiff also states that he is being denied law library access and pen and paper, and is being hindered in his efforts to litigate this case. *Id.* at 7. Defendants have not responded to any of these allegations.

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).

This lawsuit proceeds on the claims contained in the third amended complaint. Plaintiff's new allegations are only tangentially related to the allegations in the third amended complaint. If plaintiff chooses, after he has properly exhausted his claims he may file another lawsuit containing these allegations. Granting declaratory relief in this lawsuit to clarify issues that may form the basis of another lawsuit serves no useful purpose. Neither would granting declaratory relief terminate these proceedings. The court declines to exercise its discretion to grant declaratory relief here.

If plaintiff is being hindered in his ability to litigate this case, whether through denial of his legal property, law library access, or writing supplies, he may show this order to the person or persons hindering him. Should he still be denied access to these things, he may file a motion for court intervention, giving the name of the person or person who is denying him access and explaining the attendant circumstances.

**V.  Plaintiff's Second Motion to Compel**

Plaintiff has filed a second motion to compel discovery, in which he requests that the court order defendants to produce documents he requested on November 23, 2010.  Dckt. Nos. 152, 153.  He attaches an affidavit stating that defendants have failed to respond to his requests for production of documents and requests for admission.  *Id.* at 2-3.

In violation of the court's August 6, 2008 order, which states "all...discovery motions . . . shall be briefed . . . .  Failure to timely file an opposition or statement of no opposition to a mtoion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions," defendants have not filed a response to plaintiff's motions.  *See* Dckt. No.  19.  Defendants are ordered to show cause, within 14 days of the date of this order, why plaintiff's motion should not be granted and why they should not be sanctioned for their noncompliance with a court order.

**VI.  Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's August 30, 2010 motion to compel is granted.  Defendants shall produce the documents requested in Dckt. No. 140 within fourteen days of the date of this order.

2. Plaintiff's motion for court intervention in serving defendants Segerstrom and Adams is granted as follows.  Defendants may, within fourteen days from the date of this order, inform the court that they oppose service by publication.  If defendants do not file a response, plaintiff may then file a motion for service by publication.

3. Plaintiff's motion for the court to order defendant Cox to retain counsel is denied as moot.

4. Plaintiff's request for declaratory relief is denied.

5. Defendants shall show cause, within fourteen days of the date of this order, why plaintiff's March 2, 2011 motion to compel should not be granted, and why they should not be sanctioned for their noncompliance with a court order.

6. The Clerk of the court is directed to reissue summons as to defendant G. Castro, and forward the completed USM 285 form, copies of the third amended complaint, and a copy of this order to the United States Marshal.

7. Within 14 days from the date of this order, the United States Marshal shall notify defendant G. Castro of the commencement of this action and request a waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).

8. The United States Marshal shall retain the sealed summons and a copy of the amended complaint in their file for future use.

9. The United States Marshal shall file returned waivers of service of summons and requests for waivers that are returned as undelivered promptly upon their receipt.

10. If a defendant fails to return a waiver of service of summons within 60 days from the date the request is mailed, the United States Marshal shall:

   a. Personally serve process and a copy of this order upon the defendant, *see* Fed. R. Civ. P. 4, 28 U.S.C. § 566(c), and command all necessary assistance from the California Department of Corrections and Rehabilitation (CDCR) to execute this order, while maintaining the confidentiality of all information provided.

   b. File, within 14 days after effecting personal service, the return of service with evidence of any attempts to secure a waiver of service of summons and of the costs incurred in effecting service. Such costs shall be enumerated on the USM-285 form and shall include any costs the Marshal's office incurs for photocopying additional copies of the summons and amended complaint and for preparing new USM-285 forms. Costs of service will be taxed against the personally served defendant. *See* Fed. R. Civ. P. 4(d)(2).

////

////

////

11. Defendants shall reply to the amended complaint within the time provided in Fed. R. Civ. P. 12(a).

DATED: May 31, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE