IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD L. MILLER,

      Plaintiff,                        No. CIV S-07-1646 LKK EFB P

    vs.

SEGERSTROM, et. al.,

      Defendants.               ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On May 31, 2011, the court ordered defendants to show cause why plaintiff's March 2, 2011 motion should not be granted, and why defendants should not be sanctioned for their failure to file a statement of opposition or non-opposition to the motion. Dckt. No. 154. Defendants have responded to the order. Dckt. No. 155. Plaintiff has filed a reply. Dckt. No. 156.

**I.    Plaintiff's Motion to Compel**

       Plaintiff's March 2, 2011 motion to compel and March 14, 2011 memo of points and authorities request that the court order defendants to produce documents he requested on November 23, 2010. Dckt. Nos. 152, 153. He attaches an affidavit stating that defendants have failed to respond to his requests for production of documents and requests for admission. Dckt.

No. 152 at 2-3.

Defendants' counsel has submitted a declaration in response. Dckt. No. 155-1. Defendants' counsel declares that "plaintiff granted him" an extension of time to respond to his November 23 discovery so that the responses were due on January 21, 2011. Dckt. No. 155-1 at 1. Defendants' counsel states that he served responses to plaintiff's interrogatories in a timely fashion, but was not aware of any other outstanding discovery at the time "in part because of being recently assigned to this file, . . . which involves a multitude of discovery vagaries and the manner in which this set of discovery was served." *Id.* at 1-2. Defendants' counsel admits that he failed to timely respond to plaintiff's outstanding requests for admission and requests for production of documents because the requests "had not gotten logged in according to normal customary procedures in effect at the Attorney General's Office as separate discovery documents." *Id.* at 2. He was made aware of the missing discovery requests when plaintiff wrote to him asking for responses on January 23, 2011. *Id.* Approximately a month later, on February 24, 2011, defendants' counsel provided the responses to plaintiff. *Id.*

Defendants' counsel declares that plaintiff's motion "is based on no responses being served, not with any issues with the responses, or the fact that two sets were served late." *Id.*

Plaintiff's response does not assert that the discovery at issue in his March motion to compel remains unanswered, but does states that defendants should have to "correctly answer" the interrogatories and requests for admission. Dckt. No. 156 at 4.[1] The court construes this

---

[1] For ease of reference, all page numbers refer to the page number assigned by the court's electronic filing system rather than the page numbers written on the documents. Plaintiff's pleading explicitly states that it is 35 pages in length, and plaintiff has labeled each of the pages with a number. Dckt. No. 156 at 1. He writes "if the court[] find[s] that this response has not been filed in it[]s full entired by the number of the above pages the plaintiff[] should be notified so he may resubmit the motion." *Id.* The court's copy indeed seems to be missing several pages as it only contains 27 pages in total. *Id.* This lends support to plaintiff's suspicions that pages are being removed from his papers he presented for filing with the court. *See id.* at 2 (alleging that some of his discovery requests have been removed in the document provided to defendants' counsel). The Clerk is directed to send plaintiff a copy of Dckt. No. 156, complete with CM/ECF numbering. Plaintiff may then resubmit any missing pages to the court.

statement as a request that objections to interrogatories be waived and the requests for admission be deemed admitted.

In addition, plaintiff claims that he wrote to defendants' counsel on March 7, 2011, regarding counsel's failure to respond to requests for admission and interrogatories directed towards defendants Cox, James, Dial and Huckabee. *Id.* at 3. It appears that this discovery is not the subject of the motion to compel currently before the court. If plaintiff has not yet received responses to these requests, he may file another motion to compel.

The court concludes that the discovery at issue in plaintiff's March 2011 motion to compel–that is, requests for admission and requests for production of documents to defendant Huckabee--has since been provided to plaintiff. Therefore, plaintiff's motion to compel is denied as moot.

This does not, however, excuse the conduct of defense counsel. The discovery at issue was not timely provided to plaintiff due to the Attorney General's office's and defendants' counsel's errors. Discovery in this court is governed by the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and counsel must comply with those rules. Rule 36(a)(3) provides that if a party fails to respond to requests for admission within 30 days after they have been served, the matters are admitted. A matter admitted is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b). If defendants wish to file such a motion, they must do so within 14 days of the date of this order.

Defendants' failure to timely respond to plaintiff's request for production of documents may mean that they have waived any objections to those requests. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection"). Defendants have not argued why their failure to timely respond to plaintiff's

discovery requests should not result in the waiver of objections. The tone of defendants' response, even in responding to the court's order to show cause, is nonchalant at best. *See* Dckt. No. 156 ("If there is something unsatisfactory in this scenario to Plaintiff, Defendant has not been made aware of the particulars"). However, in an abundance of caution, defendants shall have14 days from the date of this order to show cause why their objections to the requests for production in question should not be waived.

**II.     Sanctions**

As noted above, the court ordered defendants to show cause why they should not be sanctioned for their failure to file a statement of opposition or non-opposition to plaintiff's motion to compel. Defendants' failure to file such a statement was a violation of the court's August 6, 2008 order, which states "all . . . discovery motions . . . shall be briefed . . . . Failure to timely file an opposition or statement of no opposition to a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions." *See* Dckt. No. 19. In addition, defendants' conduct in failing to respond to the motion violated Local Rule 230(l) ("Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.").

Regarding the court's order to show cause, counsel writes only: "Although the Motion to Compel was admittedly not specifically opposed, responses were provided and Defendant, participating in discovery in good faith, had no reason to believe that this issue was not moot, and would not be dropped." *Id.* at 2.

This response is unsatisfactory. Defendants' counsel clearly knew that plaintiff had not "dropped" his motion; any such withdrawal would have appeared on the docket. Moreover, plaintiff does not "grant" extensions or "drop" matters from the court's calendar or docket. Nothing in the Federal Rules of Civil Procedure or the Local Rules of this court empowers a party to "drop" matters the court has order briefed. Although defendants may have believed that

4

plaintiff's motion lacked merit, that does not excuse them and in particular their counsel from obeying court orders. Without briefing from defendants, the court was obviously unable to determine the merits of plaintiff's motion. Defendants' failure to comply with the court's order and the local rules unnecessarily multiplied the proceedings, as the court had to draft the order to show cause and this order, and defendants and plaintiff both had to submit additional briefing. However, counsel shall have an additional chance to explain why sanctions should not be imposed. The matter is set for hearing as detailed below.

In addition, plaintiff asks the court to grant Rule 37 sanctions against defendants, as he prevailed on his previous motion to compel. *See* Dckt. No. 154 (granting plaintiff's August 8, 2010 motion to compel). Fed. R. Civ. P. 37 (a)(5)(A) provides that, subject to certain exceptions, if a motion to compel is granted the losing party must pay the moving party's reasonable expenses incurred in making the motion. Defendants have not argued that any exceptions to this general rule apply here. Accordingly, within 14 days of the date of this order, plaintiff shall submit to the court an accounting of the amount of his expenses in bringing the motion. As plaintiff proceeds pro se, he has no attorney fees. However, he may have unnecessarily spent money on copies and postage.

**III.    Service by Publication**

On June 1, 2011, the court found that service by publication may be appropriate for defendants Adams and Segerstrom. The court gave defendants 14 days to inform the court if they oppose service by publication, and advised plaintiff to file a motion for service by publication if defendants did not respond.

Defendants did not respond to this order. Plaintiff filed the required motion and supporting affidavit. *See* Dckt. No. 157.

The court finds that service by publication is appropriate for defendants Segerstrom and Adams. *See* Fed. R. Civ. P. 4(e) (an individual may be served by following state law); Cal. Civ. P. Code § 415.50 ("Service by publication"). Plaintiff's affidavit attests that Segerstrom and

Adams cannot with reasonable diligence be served in any other manner, and the court has already found that a cause of action exists against both Segerstrom and Adams. *See* Cal. Civ. P. Code § 415.50(a). Therefore, the court orders that the summons shall be published in the Sacramento Bee. As plaintiff proceeds in forma pauperis in this action, the U.S. Marshal shall arrange the publication of the notice.

A copy of the summons, the complaint, and the order for publication shall be forthwith mailed to Segerstrom or Adams if either of their addresses is ascertained before expiration of the time prescribed for publication of the summons. Publication shall be made as provided by Section 6064 of the Government Code. Specifically, the notice shall be published once a week for four successive weeks.

## IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's March 2, 2011 motion to compel is denied as moot.

2. Plaintiff's requests for admission (as identified in the parties' briefing on this motion to compel) are admitted. Within 14 days of the date of this order, defendants may wish to file a motion pursuant to Fed. R. Civ. P. 36(b).

3. Within 14 days of the date of this order, defendants may submit a brief explaining whether they have waived their objections to plaintiff's requests for production of documents (as identified in the parties' briefing on this motion to compel). Plaintiff is granted 14 days from the date of defendants' brief to respond.

4. The Clerk is directed to send plaintiff a paginated copy of docket number 156.

5. Within 14 days of this order, plaintiff may submit to the court a description of his expenses in bringing his August 30, 2010 motion to compel.

6. The court's June 1, 2011 order to show cause to defendants is set for hearing on September 14, 2011 at 10:00 a.m. before the undersigned in Courtroom No. 24. Defendants shall appear at the hearing in person. Plaintiff shall appear by videoconference or, only if

6

videoconferencing is not available, by telephone from his institution. The court will issue a separate writ to his custodian.

    7. Defendants Segerstrom and Adams shall be served by publication. Within 14 days of the date of this order, the U.S. Marshal shall make arrangements to publish summons for these defendants in the Sacramento Bee once a week for four successive weeks.

    8. Within 21 days of the date of this order, the U.S. Marshal shall notify the court when the notice will be published. Service will be effected on the 28th day following the first day of publication.

DATED: August 31, 2011.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE