IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD L. MILLER,

        Plaintiff,                  No. CIV S-07-1646 LKK EFB P

    vs.

JANE WOODFORD, et al.,

        Defendants.          <u>ORDER</u>

_____/

      This matter was before the court on September 28, 2011, for hearing on the court's order to defendants' counsel to show cause why he should not be sanctioned for failing to obey the court's August 6, 2008 order. *See* Dckt. No. 154 at 8. The court also addressed plaintiff's request for discovery sanctions, the effect of defendant Huckabee's untimely discovery responses, and plaintiff's outstanding motion for preliminary injunctive relief. Defendants' counsel John Padrick was present. Plaintiff appeared by telephone.

**I.    Summary of Rulings Made at the Hearing**

      For the reasons stated on the record at the September 28 hearing, defendants shall pay plaintiff his costs for having to bring a motion to compel in the amount of $4.75 by October 28, 2011. Additionally, plaintiff's requests for admissions to defendant Huckabee are deemed admitted, and Huckabee's objections to plaintiff's requests for production of documents are

1

waived, including his unsupported assertion that he lacks possession, custody or control over the documents. Defendants' counsel shall produce all of the documents requested to plaintiff by October 28, 2011.

Finally, by October 28, 2011, defendants' counsel shall submit a declaration attesting to the status of plaintiff's health and current medical treatment. Plaintiff shall have until 14 days thereafter to file a response.

## II.   Sanctions

Plaintiff served his requests for production of documents and for admissions on November 23, 2010. He did not receive a timely response and in March 2011, plaintiff filed a motion to compel discovery. Dckt. Nos. 152, 153. He attached an affidavit stating that defendants had failed to respond to his requests for production of documents and requests for admission. *Id.* at 2-3. Defendants did not file an opposition to that motion.

On June 1, 2011, the court issued an order noting that by failing to oppose plaintiff's motion to compel, defendants had violated the court's August 6, 2008 discovery order, which states that "all . . . discovery motions . . . shall be briefed . . . . Failure to timely file an opposition or statement of no opposition to a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions." *See* Dckt. No. 154 (citing Dckt. No. 19). The court ordered defendants to show cause why plaintiff's motion to compel should not be granted and why defendants should not be sanctioned for their noncompliance with a court order. *Id.*

Defendants responded to the order to show cause. Dckt. No. 155. Regarding the merits of the motion to compel, defendants' counsel admitted that he failed to timely respond to plaintiff's discovery requests. He attributed that failure to the requests not being properly logged into what counsel referred to as the California Attorney General's Office system. He declared that he provided the discovery responses within a month of plaintiff making him aware of the outstanding requests. The substance and tone of the response to the order to show cause was

nonchalant and cavil. As the court's previous order states:

> Regarding the court's order to show cause, counsel writes only: 'Although the Motion to Compel was admittedly not specifically opposed, responses were provided and Defendant, participating in discovery in good faith, had no reason to believe that this issue was not moot, and would not be dropped.' *Id.* at 2. This response is unsatisfactory. Defendants' counsel clearly knew that plaintiff had not 'dropped' his motion; any such withdrawal would have appeared on the docket. Moreover, plaintiff does not 'grant' extensions or 'drop' matters from the court's calendar or docket. Nothing in the Federal Rules of Civil Procedure or the Local Rules of this court empowers a party to 'drop' matters the court has order[ed] briefed. Although defendants may have believed that plaintiff's motion lacked merit, that does not excuse them and in particular their counsel from obeying court orders. Without briefing from defendants, the court was obviously unable to determine the merits of plaintiff's motion. Defendants' failure to comply with the court's order and the local rules unnecessarily multiplied the proceedings, as the court had to draft the order to show cause and this order, and defendants and plaintiff both had to submit additional briefing. However, counsel shall have an additional chance to explain why sanctions should not be imposed. The matter is set for hearing as detailed below.

Dckt. No. 167 at 4-5.

Counsel's conduct since that order has manifested little concern for the issues raised by the court's order. The August 31 order expressly found that the failure to respond to the discovery requests was the fault of defendants' counsel and admonished counsel as to the consequences provided in Rule 36(a)(3) for the failure to timely respond to requests for admission. Dckt. No. 154 at 3 ("if a party fails to respond to requests for admission within 30 days after they have been served, the matters are admitted."). The court expressly warned counsel that "[a] matter admitted is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." *Id.* (citing Fed. R. Civ. P. 36(b)). The court specifically ordered that any such motion seeking relief from the deemed admission be filed within 14 days of that August 31, 2011 order. *Id.* Finally, the court ordered defendants to show cause why all objections to the requests for production of documents had not been waived. *Id.* at 4. Again, defendants failed to respond.

As noted at the hearing, counsel's choice to decline the opportunity to respond or submit an appropriate motion within 14 days of the order has now conclusively established the facts

1  which were deemed admitted under Rule 36(b), and also has resulted in the waiver of all
2  objections to the discovery requests.[1]

3  Lastly, counsel's failure to inform the court of a calendar conflict until the morning of the
4  hearing is simply a continuation of the unprofessional behavior in this case.  The hearing on the
5  order to show cause was originally set for September 14.  On September 12, the court continued
6  the hearing to September 28, at 10:00 a.m.  The day before the hearing, the court received an
7  inquiry from the attorney general's office as to whether defendants' counsel could appear
8  telephonically.  The courtroom deputy informed counsel that the undersigned disfavors
9  telephonic appearances.  Nothing was reported about a calendaring conflict.  On the morning of
10 the hearing, before 8:30 a.m., defendants' counsel came in person to the undersigned's chambers
11 and reported for the first time to a member of the court's staff that counsel was currently in trial
12 before a district judge in the building and needed to schedule the order to show cause hearing
13 during the morning break for that trial.  The hearing was delayed because of that request.
14 However, just prior to the hearing on the order to show cause, James Walter, another attorney
15 from the Attorney General's Office, checked in with the courtroom deputy clerk and reported
16 that he would be covering the hearing and that Mr. Padrick would come in during a break.
17 Nonetheless, when the undersigned took the bench to commence the hearing, Mr. Padrick was
18 present and stated his appearance and Mr. Walter was no longer in the courtroom.

19 At the hearing, defendants' counsel was given an opportunity to explain his conduct.  He
20 offered no further explanation or convincing reasons why he should not be sanctioned for failing
21 to obey the court's previous order.[2]

22 ////

---

[1] Moreover, the objections that have been belatedly asserted are without merit for the reasons stated at the hearing.

[2] Nor did he offer any explanation for failing to alert the court of his scheduling conflict with his trial before a district judge in a timely manner.

4

The court finds that defense counsel's violation of the court's discovery order, the disregard for the subsequently issued orders as well as the Federal Rules of Civil Procedure, the failure to oppose plaintiff's motion to compel and the belated assertion of objections that are wholly without merit are tantamount to bad faith.  As the court previously noted, defendants' counsel's conduct has unnecessarily multiplied and delayed the proceedings, as the court had to draft several orders and hold a hearing, and defendants and plaintiff had to submit additional briefing and appear at the hearing.  Accordingly, defendants' counsel is sanctioned $250.00 for his conduct.

### III.    Conclusion

Accordingly, it is hereby ORDERED that:

1. Defendants shall pay plaintiff his costs of $4.75 by October 28, 2011.

2. Plaintiff's requests for admission to defendant Huckabee are deemed admitted, and Huckabee's objections to plaintiff's requests for production of documents are waived, including his unsupported assertion that he lacks possession, custody or control over the documents. Defendants' counsel must produce all of the documents requested to plaintiff by October 28, 2011.

3. By October 28, 2011, defendants' counsel is ordered to submit a declaration attesting to the status of plaintiff's health and current medical treatment.  Plaintiff is granted 14 days thereafter to file a response.

4. John Padrick is sanctioned $250.00 for failing to obey the court's discovery order. This sum shall be paid to the Clerk of the Court not later than 30 days from the date of this order.

DATED: October 20, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE