IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD L. MILLER,

        Plaintiff,                    No. CIV S-07-1646 LKK EFB P

    vs.

JANE WOODFORD, et al.,

        Defendants.             ORDER

_____/

       The January 19, 2012 minutes for the settlement conference held the same day indicate that the above-captioned case has settled as to defendant Adams. *See* Dckt. No. 217. Accordingly, the court hereby orders that:

       1. Plaintiff and defendant Adams shall file dispositional documents not later than ninety days from the date of this order. Failure to comply with this order may be grounds for the imposition of sanctions on any and all counsel or parties who contributed to the violation of this order.

       2. Defendant Adams' pending motion to dismiss (Dckt. No. 193) is denied as moot.

       3. This case is set for a second settlement conference before Magistrate Judge Craig M. Kellison on June 7, 2012, at 11:00 a.m. at Kern Valley State Prison.

////

1

1        4. Defendants' lead counsel and a person with full and unlimited authority to negotiate
2  and enter into a binding settlement on defendants' behalf shall attend the June 7, 2012 settlement
3  conference in person.[1]
4        5. Those in attendance must be prepared to discuss the claims, defenses and damages.
5  The failure of any counsel, party or authorized person subject to this order to appear in person
6  may result in the imposition of sanctions. In addition, the conference will not proceed and will
7  be reset to another date.
8        6. This action is stayed pending the outcome of the June 7, 2012 settlement conference.
9        7. The Clerk of the Court shall serve this order on the Litigation Coordinator at Kern
10 Valley State Prison.
11 DATED: January 26, 2012.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989), *cited with approval in Official Airline Guides, Inc. v. Goss*, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pittman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on recon. in part*, *Pitman v. Brinker Int'l, Inc.*, 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Pitman*, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596-97 (8th Cir. 2001).